**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

Attorneys for Defendant
FUJIFILM Holdings America Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CIV 13769**

---

| | |
|---|---|
| TOBI WHITE,<br><br>          Plaintiff,<br><br>     v.<br><br>FUJI PHOTO FILM USA, INC.,<br><br>          Defendant. | Civil Action No.<br><br><br>**NOTICE OF REMOVAL** |

TO:       THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES
                  DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

ON NOTICE TO:

      Ian Belinfanti, Esq.
      Law Offices of Ian Belinfanti, Esq.
      481 8th Avenue, Suite 924
      New York, New York 10001
      Attorneys for Plaintiff


      Clerk of the Court
      Supreme Court of the State of New York
      County of Westchester
      111 Dr. Martin Luther King Blvd.
      White Plains, New York 10601

PLEASE TAKE NOTICE that Defendant, by and through its attorneys, Drinker Biddle & Reath LLP, hereby removes this civil action currently pending in the Supreme Court of the State of New York, County of Westchester, Index No. 13335/06 (hereinafter the "State Court Action"), to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1331, on the following grounds:

1.     Based on the Amended Complaint, Plaintiff instituted the State Court Action by filing a Complaint in the Supreme Court of the State of New York, County of Westchester, on July 18, 2006. The original complaint was never served on Defendant. Plaintiff subsequently filed an Amended Complaint on November 16, 2006. In the Amended Complaint, Plaintiff alleges that Defendant retaliated against her in violation of Title VII of the Civil Rights Act, as amended, codified at 42 U.S.C. §2000e and the New York Human Rights Law. Plaintiff personally served the Amended Complaint on Defendant on November 16, 2006. A copy of the Amended Complaint is attached hereto as Exhibit A.

2.     Defendant was served the summons on November 17, 2006. A copy of the Summons is attached hereto as Exhibit B.

3.     As required by 28 U.S.C. § 1446(a), copies of all process and pleadings are annexed hereto.

4.     This Notice of Removal satisfies the requirements of §1446(b) because Defendant has filed this Notice of Removal within 30 days of receiving the Amended Complaint, which constitutes Defendant's first notice that Plaintiff's claims are removable to this Court.

5.     Under 28 U.S.C. § 1331, the United States District Courts have original jurisdiction of all civil actions arising under the laws of the United States. The present action

contains a matter over which this Court has original jurisdiction and which shall be removable to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

      6.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Supreme Court of the State of New York, County of Westchester.   A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

Dated: December 5, 2006

                          DRINKER BIDDLE & REATH, LLP

                          Helen E. Tuttle (HT-3120)
                          John A. Ridley (JR-1148)
                          500 Campus Drive
                          Florham Park, New Jersey 07932

                          Attorneys for Defendant
                          FUJIFILM Holdings America Corporation

Exhibit     A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------X          Index No.: 13335/06
TOBI WHITE,

                Plaintiff,

      -against-

FUJI PHOTO FILM USA, INC.,

              Defendant.          **AMENDED COMPLAINT**
------------------------------------------------------X

RECEIVED
NOV 16 2006
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

### For A First Cause Of Action

1.    This action arises under New York State Human Rights Law, NY Exec. Law 296, et seq., and 42 USC § 2000e, as more fully appears herein.

2.    Plaintiff, Tobi White, an African American female, resides at 1729 Crescent Drive, Tarrytown, New York 10591.

3.    Defendant Fuji Film USA, Inc., is a domestic corporation licensed to do business in the State of New York with principal offices at 200 Summit Lake Drive, Floor No. 2, Valhalla, New York, 10595.

4.    Plaintiff in 1996 obtained a Baccalaureate degree in Marketing from Mercy College.

5.    Plaintiff began employment with defendant on 10/9/2001 with the title of Administrative Secretary.

6.    In April, 2002, plaintiff's title was changed to that of Office Assistant with no change in job responsibilities.

7.   Plaintiff performed her job satisfactorily, receiving satisfactory reviews for the job and was nominated for the company's image of excellence award on various occasions.

8.   Beginning in 2002, plaintiff suffered negative job action when complained of disparaging treatment by her supervisor.

9.   Plaintiff made various complaints to defendant's Human Resources Department about her unfair treatment, which included failure to evaluate her job, inequitable pay raises and continued petty harassment by her direct supervisor.

10.  Defendant failed to investigate plaintiff's complaints, but instead, put her on 30 day warning.

11.  On or about March 4th, 2004, Plaintiff's charge of employment discrimination was received by the Equal Opportunity Employment Commission, designated as Charge No. 160-2004-01889.

12.  Plaintiff, on or about December 16th, 2004, received a 90 day letter from the U.S. Equal Opportunity Commission advising plaintiff of the right to sue on her claims of Hostile Work Environment, Discriminatory terms or conditions of employment of African Americans and Inconsistent Compensation.

13.  On 3/16/2005 plaintiff filed a Title VII employment Discrimination lawsuit against Fuji Photo Film, U.S.A., Inc., alleging racial discrimination.

14. Plaintiff thereafter, on or about March 8th, 2006, filed a complaint with the United States Equal Employment Opportunity Commission, which was acknowledged by a letter from the EEOC dated April 19th, 2006.

15. Defendant Fuji, was granted its motion for summary judgment dismissing plaintiff's discrimination suit, by the Federal District Court, Southern District of New York, on April 11th, 2006.

16. Plaintiff filed suit for retaliation on July 18th, 2006.

17. Fuji Photo Film was aware of plainiff's lawsuit for discrimination since it was mentioned in correspondence by plaintiff's manager, Bill Drysdale.

18. On June 3rd, 2005, plaintiff's manager, Bill Drysdale, terminated her, citing insubordination in not timely completing a form.

19. Plaintiff denies that she had timely failed to complete the required form.

20. Plaintiff further believes that even if plaintiff had failed to timely complete the form as alleged, such failure did not rise to the level employment misconduct required under Fuji employment policies to warrant such dismissal.

21. Plaintiff believes that the stated reason for her termination was pretextual and that the real reason was retaliation for filing an employment discrimination law suit under Title VII of the Civil Rights Act, a protected activity.

22. Defendant was terminated on June 3rd, 2005.

23.   Such termination was unlawful, actionable and compensable under New York

State Human Rights Law, NY Exec. Law 296, et seq. and 42 US § 2000e, et

seq.

WHEREFORE, plaintiff demands a jury trial in the instant case, and further

demands judgment against defendant Fuji Photo Film, USA, Inc., for employment

discrimination under New York State Human Rights Law, NY Exec. Law 296, et seq., in

an amount to determined by the court

Dated: New York, New York
        11/15/2006

Ian Belinfanti, Esq.
Attorney for Plaintiff
New York, New York 10001
212-868-7347
IB 3746

CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

☐ FEPA
☐ EEOC

and EEOC

| State or local Agency, if any | |
|---|---|

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Tobi White | 914-909-0003 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1729 Crescent Dr. | Tarrytown NY 10591 | 3/20/69 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Fuji Photo Film, USA | 300 | 914-789-8100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 200 Summit Lake Dr | Valhalla, NY 10595 | Westchester |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST — June 3rd, 2005 — LATEST

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Charge of Retaliation under 42 USC 2000e, et seq.

On 3/16/2005 plaintiff filed a Title VII employment discrimination lawsuit against Fuji Photo Film U.S.A., Inc., alleging racial discrimination. Fuji Photo Film, was aware of the lawsuit since it was mentioned in correspondence by plaintiff's manager, Bill Drysdale. On June 3rd, 2005, plaintiff's manager, Bill Drysdale terminated her, citing insubordination in not timely completing a form. Plaintiff believes that the real reason for her termination was filing an employment discrimination law suit under Title VII of the 1964 Civil Rghts Act, a protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | Tobi White |
| [signature] Tobi White | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 3/29/2006 |
| Date 3/29/2006   Charging Party (Signature) | [signature] |

EEOC FORM 5 (REV. 3/01)

Notary Public
Reg. No. [illegible]
Westchester County, N.Y.
My Commission Expires 10/04/2009



**U.S. Equal Employment Opportunity Commission**
**New York District Office - 520**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625
1-800-669-4000

Respondent: FUJI PHOTO FILM, USA
EEOC Charge No.: 520-2006-01350
FEPA Charge No.:

Apr 19, 2006

Tobi White
1729 Crescent Drive
Tarrytown, NY 10591

Dear Ms. White:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]    The Age Discrimination in Employment Act (ADEA)

[ ]    The Americans with Disabilities Act (ADA)

[ ]    The Equal Pay Act (EPA)

You need do nothing further at this time.  We will contact you when we need more information or assistance.  A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[ X ]    Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures.  If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official.  Then the agency will investigate and resolve the charge under their statute.  If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding.  To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case.  Otherwise, we will generally adopt the agency's finding as EEOC's.

New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

Please notify this office of any change in address or of any prolonged absence from home.
Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

Vanessa Guest
Investigator
(212) 336-3757

Office Hours: Monday - Friday, 8:30 a.m. - 5:00 p.m.
TDD: 1-800-669-6820
www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Tobi White**
     **1729 Crescent Drive**
     **Tarrytown, NY 10591**

From:  **New York District Office - 520**
       **33 Whitehall Street**
       **5th Floor**
       **New York, NY 10004**

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-01350 | **Vanessa Guest,** **Investigator** | **(212) 336-3757** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[x]  Other (briefly state)    **This charge is related to your pending lawsuit against Respondent.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>**more than 2 years (3 years)**</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)                    *Spencer H. Lewis Jr.*                    4/20/06
                          **Spencer H. Lewis, Jr.,**                  (Date Mailed)
                                  **Director**

cc:  **Personnel Director**
     **FUJI PHOTO FILM, USA**
     **200 Summit Lake Drive**
     **Valhalla, NY 10595**



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TOBI WHITE,

        Plaintiff,

        -against-

FUJI PHOTO FILM USA, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**05 CIVIL 02937 (CM)**
**JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

      Whereas the above entitled action having been assigned to the Honorable Colleen McMahon, U.S.D.J., and the Court thereafter on April 7, 2006, having handed down a DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (docket #24) granting Defendant's motion for summary judgment (docket #21) and dismissing the complaint with prejudice, it is,

      **ORDERED, ADJUDGED AND DECREED:** that the Defendant's motion for summary judgment (docket #21) is granted, the complaint is dismissed with prejudice and the case is hereby closed.

DATED: White Plains, N.Y.
      April 11, 2006

**MICROFILM**

APR 1 1 2006

**USDC SD NY WP**

I:\JUDGMENT\white.937.wpd

J. Michael McMahon, Clerk of the Court

DOCKETED AS
A JUDGMENT
ON

Exhibit B



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------x
TOBI WHITE,

                                    Plaintiff,

            -against-                    FILED

FUJI PHOTO FILM U.S.A., INC.,

                                                JUL 19 2006

                                        TIMOTHY C. IDONI
                                        COUNTY CLERK
                                        COUNTY OF WESTCHESTER
-----------------------------------------------------------x

Index No.: 0613335
Date Filed:

Jury Trial Demanded
Plaintiff designates
Westchester County as the
place of trial.
Basis of the Venue is
Plaintiff's address.

## ACTION FOR RETALIATION                  SUMMONS

To the above named Defendant:

            YOU ARE HEREBY SUMMONED to serve a notice of appearance on the

Plaintiff OR Plaintiff's Attorney within twenty (20) days after the service of this

summons, exclusive of the day of service (or within thirty (30) days after the service is

complete if this summons is not personally delivered to you within the State of New

York); and in case of your failure to appear, judgment will be taken against you by

default for the relief demanded in the notice set forth below.

Dated: July 19th, 2006

Ian Belinfanti, Esq.
Attorney for Plaintiff
481 8th Avenue, Suite 924
New York, New York 10001
212-868-7347

To:    FUJI PHOTO FILM U.S.A., INC.,
       200 Summit Lake Drive
       Floor No. 2
       Valhalla, New York, 10595

Exhibit C

**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

Attorneys for Defendant
FUJIFILM Holdings America Corporation

SUPREME COURT STATE OF NEW YORK
COUNTY OF WESTCHESTER

|  |  |
|---|---|
| TOBI WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>FUJI PHOTO FILM USA, INC.,<br><br>        Defendant. | Index No. 13335/06<br><br><br>**NOTICE OF FILING<br>OF NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that the within is a true copy of the Notice of Removal filed in the office of the Clerk of the United States District Court for the Southern District of New York on December 5, 2006.

Pursuant to 28 U.S.C. § 1446(d), the Supreme Court of the State of New York, County of Westchester, shall proceed no further unless the case is remanded.

Dated: Florham Park, New Jersey
      December 5, 2006

                         DRINKER BIDDLE & REATH LLP

                         By: _____
                            Helen E. Tuttle
                            John A. Ridley
                            500 Campus Drive
                            Florham Park, New Jersey 07932

                            Attorneys for Defendants
                            FUJIFILM Holdings America Corporation

TO:   Ian Belinfanti, Esq.
       Law Offices of Ian Belinfanti, Esq.
       481 8th Avenue, Suite 924
       New York, New York 10001
       Attorneys for Plaintiff

JS44/SDNY
Rev. 1/97

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Tobi White | FUJIFILM Holdings America Corporation s/h/a Fuji Photo Film USA, Inc. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Ian Belinfanti, Esq.<br>481 8th Avenue<br>New York, New York 10001<br>(212) 868-7347 | Helen E. Tuttle, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932<br>(973) 360-1100 |

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Plaintiff alleges that Defendant retaliated against her in violation of Title VII of the Civil Rights, as amended, codified at 42 U.S.C. §2000e and New York's Human Rights Law.

Has this or a similar case been previously filed in SDNY at any time?   NO ☐   YES ☒   Judge Previously Assigned Honorable Colleen McMahon

If yes, was this case Vol. ☐   Invol. ☐   Dismissed, No ☐   Yes ☒ If yes, give date April 11, 2006 _____ & Case No. 05 CV 2937

(PLACE AN X IN ONE BOX ONLY)   **NATURE OF SUIT**

## ACTIONS UNDER STATUTES

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury -- Med Malpractice
- ☐ 365 Personal Injury -- Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FOREITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reportromg Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 MIA (1395FF)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes
- ☐ 871 IRS-Third Party 28 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organization Act (RICO)
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Leases & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### ACTIONS UNDER STATUTES
**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence 20 usc 2255
- ☐ 530 Habeas Corpus
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Check if demanded in the Complaint::**

CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $0   OTHER _____   JUDGE _____

Check YES only if demanded in complaint
JURY DEMAND:   ☐ YES   ☒ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DOCKET NUMBER _____

NOTE:  PLEASE SUBMIT AT THE TIME OF FILING AN EXPLANATION OF WHY CASES ARE DEEMED RELATED

**(SEE REVERSE)**

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | |
|---|---|---|---|---|

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred From (Specify Dist.)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge - Judgment

PLACE AN x IN ONE BOX ONLY)  BASIS OF JURISDICTION  IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332,1441)

☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)   ☐ 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | ☐ 1 | ☐ 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 3 | ☐ 3 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | ☐ 5 | ☐ 5 |
| CITIZEN OF ANOTHER STATE | ☐ 2 | ☐ 2 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE | ☐ 4 | ☐ 4 | FOREIGN NATION | ☐ 6 | ☐ 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (CALENDAR RULE 4(A))
Tobi White
1729 Crescent Drive
Tarrytown, New York 10591

Westchester County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))
FUJIFILM Holdings America Corporation
200 Summit Lake Drive
Valhalla, New York 10595

Westchester County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS: N/A

Check One:   THIS ACTION SHOULD BE ASSIGNED TO:   ☒ WHITE PLAINS   ☐ FOLEY SQUARE

(DO NOT check either box if this is a PRISONER PETITION.)

DATE
12/5/06
Receipt #

SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
☐ NO
☒ YES (DATE ADMITTED MO. June Yr.2000)
Attorney Bar Code # HT3120

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

James M. Parkison, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

Attorneys for Defendant
FUJIFILM Holdings America Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOBI WHITE,<br><br>     Plaintiff,<br><br>  v.<br><br>FUJI PHOTO FILM USA, INC.,<br><br>     Defendant. | Civil Action No.<br><br><br>**RULE 7.1 STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification and recusal, the undersigned counsel for Defendant (a private non-governmental party) certifies that the following are corporate parents, or affiliates, and/or subsidiaries of said party, which are publicly held:

FUJIFILM Holdings Corporation

Dated: Florham Park, New Jersey
   December 5, 2006

        DRINKER BIDDLE & REATH LLP

        By:
         Helen E. Tuttle (HT-3120)
         John A. Ridley (JR-1148)
         500 Campus Drive
         Florham Park, New Jersey 07932

         Attorneys for Defendants
         FUJIFILM Holdings America Corporation

SFNJ1 1148910

**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

Attorneys for Defendant
FUJIFILM Holdings America Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TOBI WHITE,<br><br>          Plaintiff,<br><br>    v.<br><br>FUJI PHOTO FILM USA, INC.,<br><br>          Defendant. | Civil Action No.<br><br>**CERTIFICATION OF SERVICE** |

HELEN E. TUTTLE, of full age, hereby certifies as follows:

1.     I am an attorney in the State of New Jersey and New York and an associate with the law firm of Drinker Biddle & Reath LLP, attorneys for defendant FUJIFILM Holdings America Corporation s/h/a Fuji Photo Film USA, Inc. ("Fuji") in the within action.

2.     On December 5, 2006, I sent, via overnight mail, a copy of Fuji's Notice of Removal, with exhibits, Civil Cover Sheet, *Rule* 7.1 Statement, and this within Certification of Service to the following:

> Ian Belinfanti, Esq.
> Law Offices of Ian Belinfanti, Esq.
> 481 8th Avenue, Suite 924
> New York, New York 10001

3.      On December 5, 2006, I sent, via hand delivery, a copy of Fuji's Notice of Removal, with

exhibits, Civil Cover Sheet, *Rule* 7.1 Statement, and this within Certification of Service to the

following:

> Clerk of the Court
> Supreme Court of the State of New York
> County of Westchester
> 111 Dr. Martin Luther King Blvd.
> White Plains, New York 10601

4.      I certify that the foregoing statements made by me are true.  I am aware that if any

such statements are willfully false, I am subject to punishment.

Helen E. Tuttle

Dated:  December 5, 2006