UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

TOBI WHITE,

                Plaintiff,                             **ORDER**
                                                            06 Civ. 13769 )SCR)(GAY)

    -against-

FUJI PHOTO FILM USA, INC.,

                Defendant.

------------------------------------------------------------------------x

   Plaintiff Tobi White seeks an adverse inference instruction against defendant Fuji Photo Film USA, Inc. ("Fuji").  White asserts that Fuji's destruction of her personal work computer files has adversely affected her ability to prove that Fuji's termination of her employment was retaliatory.  White states that said files contained notes concerning her interaction with co-employees and managers, information about evaluations, meetings, comments, reactions, advice, and the like.  She asserts that said information would be invaluable in reconstructing her assignments and showing that Fuji's termination of her employment was pretextual.  See Affidavit of Tobi White dated April 17, 2009.

   In response,  Fuji asserts that it did not have any obligation to preserve the information that White now complains of, White was provided with the personnel files and employment records that were subject to discovery, and White never identified her personal files as having relevant information in her Rule 26   Moreover, Fuji points out that White did not provide any notice to them in a related previous civil action in this Court of the purported relevance of the materials.  The first lawsuit was subsequently dismissed.

It is well settled that the party seeking sanctions bears the burden of establishing all of the elements of a claim for spoliation.  Plaintiff must establish that (1) Fuji had control of the evidence and was under an affirmative duty to preserve the evidence; (2) Fuji had a culpable state of mind; and (3) the spoliated evidence was relevant to plaintiff's claims, such that a reasonable trier of fact could find that it supported those claims. <u>Adorno v. Port Authority of New York and New Jersey</u>, No. 06 Civ. 593, 2009 WL 857495 at * (S.D.N.Y. March 31, 2009)(citations and quotations omitted).  Here, the plaintiff has not established that Fuji had a duty to preserve the subject evidence and, in any event, has not shown that the evidence was relevant to her claims.

As noted above, plaintiff was provided with access to her personnel file in the first lawsuit that included claims of discrimination and hostile work environment against Fuji.  She also had access to Fuji's employment policies and procedures   However, plaintiff never requested access to her personal computer information for discovery.  As such, Fuji was not on notice that plaintiff's personal work computer contained any materials subject to discovery.  Fuji had met its legal obligations by maintaining and providing for discovery the official personnel file, employment records, and the separate files maintained by two supervisors.

In any event, plaintiff has not demonstrated that the information on said computer was relevant to this action.  Plaintiff White, in her affidavit, generally states that the information on the computer contained her notes concerning matters that took place concerning her employment at Fuji.  She states that the information would help her reconstruct those events.  Those assertions notwithstanding, Fuji advises that plaintiff testified at a December 30, 2005 deposition that she forwarded to her home computer

testified at a December 30, 2005 deposition that she forwarded to her home computer emails and documents from her Fuji computer that she believed would support her case. None of these emails or documents were used to oppose Fuji's motion for summary judgment in the first action which was granted, dismissing the complaint. Said materials that plaintiff thought important to her action, which included emails from up to three days before her termination, were evidently in her possession.

An adverse inference instruction under these circumstances is clearly not justified. The Court concludes that Fuji did not have any legal obligation to preserve the information on plaintiff's computer. Also, plaintiff has not demonstrated that said information was relevant to her claims. Accordingly, the motion for the extreme remedy of an adverse inference is denied.

SO ORDERED:

Dated: June 1, 2009
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.